UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sotero Lopez, III,

               Plaintiff,       Case No. 24-11284

v.                                    Judith E. Levy
                                    United States District Judge

Robert Palmer, *et al.*,

                                    Mag. Judge Anthony P. Patti

               Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO SEAL AND REMOVE PUBLIC ACCESS TO CASE INFORMATION [8]

On May 14, 2024, *pro se* Plaintiff Sotero Lopez, III filed the complaint in this case against Defendants Robert Palmer, Tiffani Palmer, and the Wayne County Clerk. (ECF No. 1.) The Court dismissed the case without prejudice on June 26, 2024, because Plaintiff did not provide a basis for federal jurisdiction and did not respond to the Court's order to show cause. (ECF No. 7.)

Before the Court is Plaintiff's motion "to seal dockets and remove public access to case information." (ECF No. 8.) Plaintiff requests that the Court "issue an order sealing all dockets and removing all filings and

case-related information for the case identified as Case No. 5:24-cv-11284-JEL-APP from public access and third-party platforms, including but not limited to PACER, Justia, or any similar online services." (*Id.* at PageID.48.) Plaintiff expresses "concerns regarding privacy, security, and the risk of harm from the exposure of confidential information. Public access to the information in this case could result in identity theft, financial fraud, physical threats, and damage to Plaintiff's reputation." (*Id.* at PageID.49.)[1]

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal. A request to seal documents must be "narrowly tailored . . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2). The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." E.D. Mich. LR 5.3(b)(3)(C)(i).

---

[1] Plaintiff also includes a list of "concerns of harm":
- Exposure of sensitive financial or personal information, which may lead to identity theft or fraud.
- Unauthorized access to Plaintiff's personal life and legal affairs, which could result in reputational damage.
- Increased personal security risks due to public access to private details.
- Exposure of confidential and proprietary information related to Plaintiff's business and personal matters.

(*Id.*)

2

"There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* (citation omitted). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)). "[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). Additionally, the Court must consider the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id.*

Generally, "'[i]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),' is typically enough to

3

overcome the presumption of access." *Shane Grp., Inc.*, 825 F.3d at 308 (quoting *Baxter*, 297 F.3d at 546).

Plaintiff has not overcome the presumption of access in his filing. Plaintiff's motion does not provide, "for <u>each</u> proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority." *See* E.D. Mich. LR 5.3(b)(3)(A)(iv) (emphasis added). While Plaintiff alleges that he is at risk of harm from public access to case information, he does not identify specific docket entries containing harmful information or explain why each docket entry contains harmful information.[2] The Court has no basis to find that Plaintiff's motion to seal is no broader than necessary, and the Court is unable to set forth specific findings justifying nondisclosure to the public.

Further, Plaintiff has not identified legal authority that would allow the Court to order the removal of all case information from third-party platforms such as Justia.

---

[2] The Court notes that Plaintiff filed his own documents in this case, knowing that they would be public, and did not request an order sealing until now.

4

For the reasons set forth above, Plaintiff's motion is DENIED. (ECF No. 8.)

IT IS SO ORDERED.

Dated: January 24, 2025        s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 24, 2025.

                                          s/William Barkholz
                                          WILLIAM BARKHOLZ
                                          Case Manager